UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARLES D. JOHNSON,

        Petitioner,

v.                                         17-CV-629-LJV-HKS
                                              DECISION & ORDER

SUPERINTENDENT HAROLD GRAHAM,

        Respondent.

_____

On July 10, 2017, the *pro se* petitioner, Charles D. Johnson, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. In November 2013, Johnson pleaded guilty to first-degree rape in Genesee County Court and waived certain appeal rights. *Id.* In his petition to this Court, he argues that his appeal waiver was not knowingly, intelligently, and voluntarily made and that the appeal waiver form that he signed included "conflicts" that the trial court should have explained to him and "cured." *Id.* On May 22, 2018, the respondent answered the petition, Docket Items 9-10, and on November 12, 2019, Johnson replied, Docket Item 17.[1]

In the meantime, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 15. On March 11, 2020, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the application for a writ of habeas corpus should

---

[1] Johnson also filed a "letter of memorandum" on April 6, 2020, which supplemented the arguments raised in his petition and again responded to the respondent's answer. *See* Docket Items 21-22. This Court has considered that memorandum in this decision.

be denied and the petition dismissed.  Docket Item 20.  Johnson objected to the R&R on July 8, 2021,[2] Docket Item 26, and the respondent responded to Johnson's objection on December 9, 2021, Docket Item 29.  Johnson did not reply, and the time to do so has expired.  See Docket Item 28.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review de novo those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the letter memorandum, objection, and response; and the materials submitted to Judge Schroeder.  Based on that de novo review, the Court accepts and adopts Judge Schroeder's recommendation to deny Johnson's application and dismiss the petition.

---

[2] Although Judge Schroeder issued the R&R in March 2020, Johnson did not receive a copy of the R&R until more than a year later; he then promptly filed his objection.  See Docket Items 24-27.  The respondent has not challenged the timeliness of Johnson's objection, see generally Docket Item 29, and this Court accepts Johnson's objection as timely.

**FACTUAL BACKGROUND**[3]

On May 31, 2013, Johnson was charged in an eight-count indictment with first-degree rape and other crimes related to a burglary and sexual assault that took place in LeRoy, New York.  Docket Item 10-2 at 43-45.  At his arraignment in Genesee County Court, Johnson informed the judge that he "d[id not] want" his assigned lawyer to represent him and instead "want[ed] to represent [himself]" until he could retain other counsel.  Docket Item 10-3 at 8-11.  The trial court deferred consideration of Johnson's request until "when and if [counsel] doesn't appear."  *Id.* at 11.  Johnson subsequently sent the court a letter "saying [he] d[id not] want to terminate [his counsel's] services per se" but still "want[ed] to . . . represent [himself]."  *Id.* at 14.  After receiving that letter, the court held a hearing on July 29, 2013, and determined that Johnson had adequately waived his right to counsel and could proceed *pro se* with the assistance of "standby counsel."  *Id.* at 13-35.

About four months later, Johnson pleaded guilty to one count of first-degree rape.  As part of the plea resolution, Johnson agreed to waive his right to appeal, and his sentencing exposure was limited to a range of eight to eighteen years of incarceration with a maximum term of twenty-five years of post-release supervision.  *Id.* at 36-59.  During the plea proceeding, the trial court addressed Johnson's waiver of appellate review:

---

[3] The Court assumes familiarity with the facts as stated in the R&R, *see* Docket Item 20 at 2-7, and includes only a brief recitation of the facts relevant to Johnson's objection.

> THE COURT: Now, ordinarily, sir, after somebody is convicted and sentenced in this court, they have the right to take an appeal to the Appellate Division, Fourth Department. Some people get to take an appeal to the next highest court, which is the highest court in the state, the Court of Appeals. Some people exhaust their state appeals and file appeals in the federal system. And some people come back here and ask to have their conviction vacated or modified.
>
> The [P]eople have indicated that in order to give you this limitation on incarceration and the lesser crime that you are pleading to, they are requiring you to waive all rights to appeal; and once you are convicted and sentenced here, there will be no review by any other court. Do you understand that?
>
> [JOHNSON]: Yes, I do.
>
> THE COURT: And do you understand that that waiver goes to almost all issues of conviction and sentence, including the terms and length of your sentence, whether your sentence is excessive, you won't be able to file an appeal on your own. You won't get an assigned attorney to file an appeal, you won't be able to retain an attorney to file an appeal, you won't get waived filing fees. There is just going to be no review by any other court. Do you understand that?
>
> [JOHNSON]: Yes, I do.

*Id.* at 45-46.

After that exchange, Johnson and standby counsel—who accompanied Johnson at the proceeding—signed a written "waiver of right to appeal" form. *Id.* at 46; Docket Item 10-2 at 219. That waiver form confirmed that Johnson "ha[d] been advised of [his] rights being waived, specifically" his rights:

> (1) to take an appeal; (2) to prosecute the appeal as a poor person; (3) to have an attorney assigned if [he] [could not] afford to pay one; (4) to submit a brief; and (5) to argue before an appellate court any issues relating to [his] conviction or sentence.

Docket Item 10-2 at 219.

The form then listed several claims that fell outside the scope of the appellate waiver, including challenges to "the jurisdiction of the court, any constitutional speedy trial claim, the legality of the sentence, [Johnson's] competency to stand trial[,] and the voluntariness of th[e] waiver." *Id.* The form said that Johnson had "waiv[ed] [his] right to appeal voluntarily and knowingly, after [his] appellate rights were fully explained by the court and [his] standby attorney."[4] *Id.* Finally, the waiver form represented that Johnson "had a full opportunity to discuss these matters with [his] attorney and any questions [he] had ha[d] been answered to [his] satisfaction." *Id.* The court did not discuss the contents of the written waiver at the plea proceeding. *See generally* Docket Item 10-3 at 36-59.

The court then accepted Johnson's guilty plea and appeal waiver. *See id.* Before sentencing, however, Johnson—now represented by counsel—moved to withdraw his guilty plea. *See* Docket Item 10-2 at 220-38. On January 17, 2014, the court denied that motion and sentenced Johnson to the top of the sentencing range contemplated in the plea agreement—eighteen years of imprisonment and twenty-five years of post-release supervision.[5] Docket Item 19 at 17.

---

[4] "Standby" is included as a handwritten addition before "attorney" on the waiver form. Docket Item 10-2 at 219.

[5] The trial court also ordered restitution, issued an order of protection, and imposed various fees. Docket Item 19 at 17.

5

Johnson appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department, arguing that he did not knowingly, intelligently, and voluntarily waive his right to appeal and that the Appellate Division therefore should disregard his appeal waiver and review whether his sentence was unduly harsh and excessive.  *See* Docket Item 10-2 at 1-19.  The Appellate Division affirmed Johnson's conviction on April 29, 2016, finding that Johnson could not pursue his sentencing-related challenge on appeal because he had "knowingly, intelligently[,] and voluntarily waived his right to appeal."  *People v. Johnson*, 138 A.D.3d 1413, 1413 (4th Dep't 2016).  The New York State Court of Appeals denied leave to appeal on July 13, 2016.  *People v. Johnson*, 27 N.Y.3d 1152, 62 N.E.3d 126 (2016).

## DISCUSSION

Judge Schroeder recommended denying Johnson's petition because he concluded that Johnson's appellate-waiver claims are "rooted in state law" and therefore are not cognizable on federal habeas review.  *See* Docket Item 20 at 9.  "In New York[,] the right to an initial appeal is provided by statute."  *People v. Seaberg*, 74 N.Y.2d 1, 7, 541 N.E.2d 1022, 1024 (1989).  "[I]n *People v. Seaberg*," the New York State Court of Appeals held that "defendants may validly waive their right to appeal, provided the '[waiver] is fair, free from oppressiveness, and sensitive to the interests of both the accused and the People.'"  *People v. Thomas*, 34 N.Y.3d 545, 557, 144 N.E.3d 970, 976 (2019).  That is, "[a] waiver of the right to appeal is effective" under New York law "[if] the record demonstrates that it was made knowingly, intelligently and voluntarily."  *People v. Lopez*, 6 N.Y.3d 248, 256, 844 N.E.2d 1145, 1149 (2006).

6

In his objection, Johnson maintains that "under New York law[, his] appeal [waiver] was not knowing and voluntary."  Docket Item 26 at 4.  But as Judge Schroeder noted, "federal habeas relief is not available to redress [] errors of state law."  Docket Item 20 at 9.  In fact, under 28 U.S.C. § 2254(d), a federal court "shall not" grant a state prisoner's habeas petition based on a claim adjudicated on the merits in state court "unless the adjudication of the claim[]" resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  So "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Whether Johnson's appellate-waiver claims are cognizable on federal habeas review therefore depends not on whether his appeal waiver was valid under state law, but whether the Appellate Division's decision to enforce that waiver "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States."[6]  28 U.S.C. § 2254(d)(1).  Johnson argues

---

[6] A state court's decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or if the state court decides a case with facts "materially indistinguishable from a relevant Supreme Court precedent" and reaches the opposite result.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  A state court's decision is an "unreasonable application" of clearly established federal law when the state court

that the Appellate Division's decision "was . . . 'contrary to' established federal law" because it "den[ied] [him] his fundamental right to an appellate proceeding regardless of whether he signed an overbroad waiver."  Docket Item 26 at 4 (alterations and internal quotation marks omitted).  In support of his argument, Johnson quotes and relies on the Supreme Court's decision in *Garza v. Idaho*, 139 S. Ct. 738 (2019).  *See id.*

In *Garza*, the Supreme Court addressed a Sixth Amendment ineffective assistance of counsel claim based on an attorney's failure to appeal a conviction.  There, the defendant told his attorney to appeal his conviction after he pleaded guilty, but his attorney did not file a notice of appeal because of the appeal-waiver provisions in the plea agreements.  *Garza*, 139 S. Ct. at 742-43.  After the state courts denied relief on Garza's ineffective assistance claim, the Supreme Court reversed and held that "prejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken'" even when "the defendant has signed an appeal waiver."  *Id.* at 744 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)).

*Garza* is inapposite here:  Johnson did not raise an ineffective assistance of counsel claim on direct appeal and he does not raise one in his petition before this Court.  Indeed, because Johnson appealed his conviction despite his waiver, *Garza* says nothing about the issue here.  So *Garza* does not offer any "clearly established [f]ederal law" to support Johnson's petition.[7]  *See* 28 U.S.C. § 2254(d)(1).   And absent

---

identifies the correct legal principle "but unreasonably applies that principle to the facts of the [] case."  *Id.* at 413.

[7] While Johnson cites several circuit court cases interpreting the enforceability of appeal waivers entered into by defendants in federal cases, *see, e.g.*, Docket Item 21 at 3-5, he has not pointed to any clearly established federal law under 28 U.S.C. §

8

that clearly established federal law, Johnson's state law challenges to his appellate waiver do not provide a basis for habeas relief.  See *Nicholas v. Smith*, 2007 WL 1213417, at *11 (E.D.N.Y. Apr. 24, 2007) ("[W]hile petitioner's argument that the appeal waiver was invalid may have some basis in New York law, petitioner has not demonstrated that the enforcement of the waiver denied him [] any rights under the federal Constitution.").

Johnson may well be correct that his appeal waiver was invalid under New York law.  Three years after Johnson's conviction became final, the New York State Court of Appeals reversed two Appellate Division decisions enforcing appeal waivers and waiver forms that appear to be the same as Johnson's.  See *Thomas*, 34 N.Y.3d at 565-66, 144 N.E.3d at 983-84 (finding waivers of appellate rights to be invalid where the trial court "mischaracteriz[ed] [the] appellate rights waived as encompassing not only an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief, but also all postconviction relief separate from the direct appeal" and "the written waivers," which the "court failed to confirm that [the defendants] understood," "repeated many of the errors in [the court's] colloquies").  Johnson therefore may be able to revive his challenge to his appeal waiver and his sentence in the New York State courts.  See *id.* at 585, 144 N.E.3d at 998 (Garcia, J., concurring in part and dissenting in part) (noting that *Thomas* may apply to cases "that have already

---

2254(d)(1) that would invalidate his appeal waiver in a state court case.  And because "the right to appeal in a criminal case is not of constitutional magnitude," *see United States v. Teeter*, 257 F.3d 14, 21-22 (1st Cir. 2001), Johnson's claims all implicate New York law.

become final").  But for all reasons just stated and those in the R&R, Johnson cannot pursue those state law claims on federal habeas review.

## **CONCLUSION**

For the reasons stated above and in the R&R, Johnson's application for a writ of habeas corpus, Docket Item 1, is DENIED, and the petition is DISMISSED.  The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).  The Court also certifies under 28 U.S.C. § 2253(c)(2) that because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

Johnson must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   May 9, 2022
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

11